**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARLIN B. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-814-R |
| | ) |
| VALUE FAMILY PROPERTIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDERS

This matter comes before the Court on the motion for summary judgment, filed by Defendant, pursuant to Federal Rule of Civil Procedure 56. Plaintiff responded by filing an untimely motion for summary judgment, which does not comply with the requirements of the Court's local rules regarding motions, and in reality appears to be a response to Defendant's motion for summary judgment. Having considered the parties' submissions, the Court finds as follows.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202, 204 (10th Cir.1977). The movant bears the initial burden of demonstrating the absence of material fact

requiring judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed.R.Civ.P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir.1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587.

## DISCUSSION

Plaintiff filed this action alleging harassment and retaliation, citing to his EEOC charge. He alleges he was employed as a maintenance man and that during his employment he was subjected to harassment from David Craig, the property manager of the Trails West. In response to the motion for summary judgment, Plaintiff alleges that he was the victim of national origin discrimination. However, Plaintiff never filed an EEOC charge asserting national origin discrimination, nor does he identify his national origin. Accordingly, the

Court's consideration will be limited to Plaintiff's claims of racial discrimination, harassment and retaliation.

Defendant seeks summary judgment on Plaintiff's claim of racial discrimination, asserting that he cannot establish a prima facie case of discrimination. Plaintiff was originally retained by the Defendant on a contract basis for projects at the Trails West, a mobile home park owned by Defendant Value Family Properties. In July 2006, Plaintiff sought full-time employment at the park by submitting an application to the corporate office in Tulsa. Della Alridge, the human resources manager, conducted the requisite background check and discovered that Plaintiff has a variety of misdemeanor convictions. She recommended that Plaintiff not be hired because of his convictions. David Craig, the park manager, and the person who had hired Plaintiff on a contract-basis, hired Plaintiff against the advice of Della Alridge as an employee of Trails West. Plaintiff started his employment on August 2, 2006.

Plaintiff alleges racial discrimination, but presents no direct evidence of such. Accordingly, his claims are subject to the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

> This three-step analysis first requires the plaintiff to prove a prima facie case of discrimination. [*Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002)]. If plaintiff establishes a prima facie case, the burden of going forward shifts to the defendant to produce a legitimate, nondiscriminatory reason for its actions. *Id.* "If the defendant does so, the plaintiff must either show that his race . . . was a determinative factor in the defendant's employment decision, or show that the defendant's explanation for its action was merely pretext." *Id.*

*Adamson v. Multi Community Diversified Servs., Inc.*, 514 F.3d 1136, 1146 (10th Cir. 2008).

In order to establish a prima facie case of discrimination based on disparate treatment Plaintiff must present evidence "(1) that he is a member of a racial minority, (2) that he suffered an adverse employment action, and (3) that similarly situated employees were treated differently." *Trujillo v. Univ. of Colo. Health Sciences Ctr.*, 157 F.3d 1211, 1215 (10th Cir.1998) (citation omitted). Plaintiff has established that he is a racial minority. He has failed, however, to establish either that he suffered from an adverse employment action or that similarly situated employees were treated differently.

Plaintiff has not identified any adverse employment action sufficient to support a claim for disparate treatment. *See Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 857 (10th Cir.2000) (Title VII only proscribes discriminatory conduct that "alters the employee's compensation, terms, conditions, or privileges of employment, or adversely affects his or her status as an employee" (quotations omitted)). It is undisputed that Plaintiff quit his employment in February 2007. Additionally, Plaintiff testified that all of the maintenance men at the Trails West were treated poorly and quit as a result, despite the fact that they were not members of any protected class. Accordingly, the Court concludes that with regard to his Title VII claim for disparate treatment based on race that Plaintiff has failed to establish a prima facie case, and thus Defendant is entitled to summary judgment on this claim.

With regard to his claim for constructive discharge based on racial discrimination, the Court concludes that Defendant is entitled to summary judgment as well.

Constructive discharge occurs when the employer by its illegal discriminatory

> acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign. Essentially, a plaintiff must show that [he] had no other choice but to quit. The conditions of employment must be objectively intolerable; the plaintiff's subjective views of the situation are irrelevant.

*Sandoval v. City of Boulder*, 388 F.3d 1312, 1327 (10th Cir. 2004). Again, Plaintiff has failed to establish that the demands placed upon him with regard to his work were a result of illegal discrimination. Maintenance men before and after Plaintiff who are not minorities found working for Mr. Craig to be difficult, if not impossible, because of his management style and his tendency to micromanage employees. Plaintiff's constructive discharge claim fails as well.

Plaintiff also vaguely alleges harassment, which Defendant construes as a claim for a racially hostile work environment. To avoid summary judgment on a racially hostile work environment claim, Plaintiff must show that the workplace was permeated with discriminatory intimidation, ridicule, and insult, that was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment." *Sandoval*, 388 F.3d at 1327. Additionally, Plaintiff must establish that he was targeted for harassment because of his race. *Id.* Plaintiff has failed to do this, presenting evidence that the work environment at Trails West was hostile toward each of the maintenance men, regardless of their race, and because Mr. Craig was a demanding boss. Therefore, Defendant is entitled to summary judgment on any hostile work environment claim.

Finally, Plaintiff seeks relief under a theory of retaliation based on his December 26, 2007 filing of a charge of discrimination with the EEOC.

> Under 42 U.S.C. § 2000e-3(a), it is unlawful "for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by [Title VII]." To prevail on a Title VII retaliation claim, a plaintiff must establish that retaliation played a part in the employment decision and may choose to satisfy this burden in two ways. Under what is often characterized as a "mixed-motive" theory, the plaintiff may directly show that retaliatory animus played a "motivating part" in the employment decision. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 250, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (plurality opinion), *superseded in part by* 42 U.S.C. §§ 2000e-2(m), 2000e-5(g)(2)(B); *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 550 (10th Cir.1999). Once the plaintiff proves that retaliatory animus was a motivating factor, the burden of persuasion shifts to the defendant to prove that it would have taken the same action absent the retaliatory motive. *See Price Waterhouse*, 490 U.S. at 252, 109 S.Ct. 1775 (plurality opinion); id. at 261, 109 S.Ct. 1775 (O'Connor, J., concurring in the judgment) (agreeing with plurality that the burden of persuasion should shift to the employer once the plaintiff proves that an unlawful motive was a motivating factor); *see also Medlock*, 164 F.3d at 550 ("Once plaintiff presented evidence that retaliation played a motivating part in [the employer's] decision to discharge him, it became [the employer's] burden to prove by a preponderance that it would have made the same decision notwithstanding its retaliatory motive." (quotation omitted)).
>
> If, however, the plaintiff is unable to directly establish that retaliation played a motivating part in the employment decision at issue, [he] may rely on the familiar three-part *McDonnell Douglas* framework to prove that the employer's proffered reason for its decision is a pretext for retaliation. *See Medlock*, 164 F.3d at 549-50.

*Fye v. Oklahoma Corp. Comm'n,* 516 F.3d 1217 (10th Cir. 2008)(footnotes omitted).

Plaintiff contends that after he filed his December 27, 2006 EEOC charge that he was subjected to unfair discipline in a January 2, 2007 "Discipline Interview.[1]" He contends that Mr. Craig waited a few weeks to ask him to sign the form, which the Court concludes is not

---

[1] The Court actually assumes this is Plaintiff's argument, because his response to the motion for summary judgment is a series of documents with a single page of introductory text that is difficult to comprehend.

tantamount to retaliation. In his EEOC charge Plaintiff alleged that his work schedule had changed, and his work load had increased. The Court finds no evidence to support this argument. Furthermore, from Plaintiff's brief, the Court cannot discern any other alleged retaliatory act by Defendant against Plaintiff in response to the filing of his EEOC charge on December 27, 2006. Therefore, the Court concludes that Plaintiff has failed to meet his burden at this stage, and thus Defendant is entitled to summary judgment.

For the reasons set forth herein, the Defendants' motion for summary judgment is GRANTED. Judgment shall be entered accordingly. Defendants' motion to strike is DENIED as moot.

IT IS SO ORDERED this 28th day of April 2008.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE